AMERICAN STEEL FOUNDRIES v. WILSON

[No. 18,391. Filed April 7, 1953.]

*Bomberger, Morthland & Royce,* of Hammond, for appellant.

*David Cohen,* of East Chicago, for appellee.

ROYSE, C. J.—Appellant asks us to review an award of the Industrial Board of Indiana granting appellee compensation for a ten per cent increase of a permanent partial impairment of his left hand below the elbow.

A determination of the question presented requires a consideration of the facts most favorable to appellee established by the evidence. These facts may be summarized as follows:

On the 30th day of December, 1950, appellee sustained an accidental injury to the little or ring finger of his left hand, which injury arose out of and in the course of his employment by appellant. As a result of said injury he suffered no compensable temporary total disability. That from said injury appellee suffered an impairment of approximately one-third of his left hand. It is further disclosed by the record that in February, 1945, appellee suffered an accident to the same finger or fingers (while in the employ of another employer), for which he received compensation for a 30% permanent partial impairment thereof.

The full Board found that as a result of both injuries, appellee, at the time of the hearing, has a 15% permanent partial impairment of the hand below the elbow. That as the result of the last injury he is entitled to compensation for an increased impairment of 10% to the left arm below the elbow. The award allowed him $23.10 per week for twenty weeks.

(Appellee requested us to consider this case without the benefit of a brief from him. While under such circumstances we are not required to do so, we have in this case examined the evidence as set out in the record.)

§40-1305 Burns' 1952 Replacement provides in part as follows:

"If an employee has sustained a permanent injury either in another employment, or from other cause or causes than the employment in which he ■ received a subsequent permanent injury by accident, such as specified in section 31 (§40-1303), he shall be entitled to compensation for the subsequent permanent injury in the same amount as if the previous injury had not occurred: Provided, however, that if the permanent injury for which compensation is claimed, results only in the aggravation or increase of a previously sustained permanent injury or physical condition, regardless of the source or cause of such previously sustained injury or physical condition, the board shall determine the extent of the previously sustained permanent injury or physical condition, as well as the extent of the aggravation or increase resulting from the subsequent permanent injury, and shall award compensation only for that part of such injury, or physical condition resulting from the subsequent permanent injury." . . .

The findings of the Board would be sufficient to sustain its award if there was any evidence to support such findings. However, there is no evidence in the ■ record upon which the Board could have based its finding that appellee at the time of the hearing had a 15% permanent partial impairment of the hand below the elbow as a result of both injuries. Nor is there any evidence to sustain the finding that the last injury increased the impairment caused by the first injury 10%. Therefore the award of Board is contrary to law.

Award reversed.

NOTE.—Reported in 111 N. E. 2d 476.